IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ISAAC LIVINGSTON #0803
        Plaintiff                    :

  v.                                                :          CIVIL ACTION NO. WDQ-09-682

MARYLAND DIVISION OF CORRECTION, et al  :
        Defendants

**<u>MEMORANDUM</u>**

Dispositive motions are pending in this hybrid civil rights and habeas corpus case in which Isaac Livingston seeks money damages and release from detention for misdemeanor convictions.[1]  Paper Nos. 8 and 9.  Livingston has opposed the dispositive motions (Paper No. 12), and replies have been filed on behalf of the various Defendants.  Paper Nos. 13 and 15.  A court-ordered supplemental memorandum also has been filed on behalf of Defendants employed by the Maryland Department of Health and Mental Hygiene.  Paper No. 17.   A hearing is not required to resolve the factual and legal questions at issue.

The record reveals that Livingston, a resident of Georgia, moved to Maryland to obtain medical treatment following a January, 2008 diagnosis of multi-drug resistant tuberculosis (MDR-TB).  Livingston was admitted to the Prince George's Hospital Center for evaluation, with plans to transfer him to Deer's Head Hospital until his disease was deemed non-infectious.[2]

---

[1] Livingston names the Maryland Division of Corrections (DOC) and Eastern Correctional Institution (ECI) Warden Kathleen Green (hereinafter, "Correctional Defendants") as parties to this case, as well as the Maryland Department of Health and Mental Hygiene (DHMH), the Department's Deers Head Hospital, and DHMH employees Susan Manzio and John Colmers (hereinafter, "Health Department Defendants").  A civil rights action filed pursuant to 42 U.S.C. §1983 requires an allegation of civil rights violations by a *person* acting under color of state law.  DHMH, Deer's Head Hospital, and the DOC are not persons within the meaning of the statute and must be dismissed from the case.

[2] Those afflicted with MDR-TB receive supervised antibiotic administration of low-dose antibiotics for eighteen to twenty-four months after a series of negative sputum samples shows them to be free to live bacteria.  Paper No. 8, Exhibit 4, Branch Affidavit, paragraphs 6-8.  Livingston's sputum showed free of bacteria in June of

Livingston walked away from the Hospital against medical advice and left no forwarding address.  On February 4, 2008, Defendant Colmers, Secretary of DHMH, signed an Order for Medical Treatment and Quarantine to Protect the Public Health (Quarantine Order).  Paper No. 8, Exhibit 1.  Livingston received the Quarantine Order the following day and was re-admitted to Deer's Head.  While there, he was charged with behaving in a disorderly manner, leaving the quarantine placement, and failing to comply with the Quarantine Order.

On August 20, 2008, Livingston was convicted in the Circuit Court for Wicomico County of behaving in a disorderly manner and failing to comply with the Quarantine Order.  *Id.*, Exhibit 2.  His sentence provided that he be committed to:

> the Department  of Corrections pursuant to Section 18-325 of the Health General Article of the Code to be held in a penal institution with facilities for tuberculosis treatment until the Secretary of the Department of health and Mental Hygiene find[s] that his condition no longer endangers the health of the community or the Secretary obtains a Court Order which complies with the provisions of Section [1]8-325(c) of the Health General Article.

*Id.*, Exhibit 3.

The Health Department Defendants contend that pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Livingston cannot proceed here unless he successfully challenges his conviction or sentence.   Paper No. 13 at 3.  They further contend that Livingston has failed to exhaust available post-conviction remedies and thus is not entitled to habeas corpus relief. Paper No. 17.  The Correctional Defendants adopt these arguments, and further argue that Livingston has failed to exhaust administrative remedies against corrections personnel available through the Inmate Grievance Office (IGO).  Paper Nos. 9 and 15.  Livingston provides factual statements in the hope of demonstrating that he always intended to comply with the treatment regimen.  Paper

---

2008.

No. 12.

The undersigned notes that Livingston's appeal of his convictions and sentence is still pending.[3]  Paper No. 17, Exhibit 1.  His habeas corpus petition, filed in the Circuit Court for Somerset County, was denied on July 10, 2009.  Paper No. 17, Exhibit 5.  He cannot proceed in a civil rights action at this time because he has not satisfied the requirements of *Heck v. Humphrey* and its progency.[4]  Any habeas corpus claim for release from confinement is likewise premature due to failure to exhaust state court remedies.  *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Based on the foregoing, Livingston's civil rights and habeas corpus claims are both subject to dismissal without prejudice at this time.  A separate order follows.


September 18, 2009                            _____/s/_____
                                              William D. Quarles, Jr.
                                              United States District Judge

---

[3] Briefs are not due until November of 2009, with argument set for January of 2010. Paper No. 17, Exhibit 2.  Livingston's earliest potential release date is late December of 2009.  *Id.*, Exhibit 5.

[4] *See Heck v. Humphrey*, 512 U.S. 477 (1994) (claim for money damages would be premature unless and until  conviction is reversed, expunged, invalidated or impugned).